NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: SAUL ELBAUM,**
*Appellant*

---

2023-1418

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/987,031.

---

Decided:  December 20, 2023

---

SAUL ELBAUM, Potomac, MD, pro se.

MONICA BARNES LATEEF, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by MICHAEL S. FORMAN, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before REYNA, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Saul Elbaum applied for a patent that would allow retail stores to offer products at lower prices than internet stores. The examiner issued a final rejection finding claims 23–36 of U.S. Patent Application No. 16/987,031 ineligible under 35 U.S.C. § 101 and obvious under 35 U.S.C. § 103.

The Patent Trial and Appeal Board affirmed. Because we conclude that the Board correctly found claims 23–36 are ineligible under 35 U.S.C. § 101, we affirm.

I

Mr. Elbaum filed Patent Application No. 16/987,031 titled "A Retail Store That Also Sells Internet Items." The patent application is directed to methods allowing traditional retail stores to compete with internet stores by offering the same products in store at lower prices. Claim 23 is representative:

> 23. A method of enabling a person to find an item for sale from a seller via the internet and to acquire that item at a lower price from the same seller via a walk-in store comprising:
>
> a) finding an item for sale from a seller via the internet;
>
> b) viewing the website of a walk-in store to see if the item is available for sale via the website of the walk-in store despite the item not being stocked in the walk-in store;
>
> c) buying the item from the walk-in store via the website of the walk-in store;
>
> d) enabling the walk-in store to retain a portion of the payment for taxes, expenses and profit, and to forward the balance of the payment to the seller of the item;
>
> e) enabling the seller of the item to identify the walk-in store from which that payment was received; and
>
> f) enabling the seller of the item to ship the item.

S. Appx.[1] 42. The examiner rejected claims 23–36 under 35 U.S.C. § 101 and rejected claims 23–27 and 29–36 as obvious over prior art references Oayda[2] and Walker[3], and claim 28 as obvious over Oayda, Walker and Townsend.[4] The Board affirmed the examiner's rejections. Mr. Elbaum sought rehearing, but the Board denied the request.

Mr. Elbaum now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

Patent eligibility is a question of law that may contain underlying issues of fact. *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1159 (Fed. Cir. 2018). "We review the Board's legal decisions de novo and its factual determinations for substantial evidence." *Fanduel, Inc. v. Interactive Games LLC*, 966 F.3d 1334, 1343 (Fed. Cir. 2020). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

## A

We apply the Supreme Court's two-step framework to determine patent eligibility. *See Alice Corp. Pty. Ltd. v.*

---

[1] "S. Appx." refers to the Supplemental Appendix filed with the Director's response brief.

[2] U.S. Patent Application Publication No. 2016/0117744 A1 (PCT filed June 2, 2014, published April 28, 2016).

[3] U.S. Patent Application Publication No. 2002/0178071 A1 (filed July 7, 1999, published November 28, 2002).

[4] U.S. Patent Application Publication No. 2010/0063891 A1 (filed Sept. 26, 2008, published March 11, 2010).

*CLS Bank Int'l*, 573 U.S. 208, 217 (2014). First, we determine whether the claim is directed to a "patent-ineligible concept," such as an abstract idea. *Id.* If so, we examine "the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72, 79–80 (2012)). If the elements involve "well-understood, routine, [and] conventional activity previously engaged in by researchers in the field" they do not constitute an inventive concept. *Mayo*, 566 U.S. at 72–73.

Under *Alice* step one, the Board found that representative "claim 23 recites managing sale transaction activity by paying a transaction fee for sales of non-stocked items," which is a method of organizing human activity, and thus, an abstract idea. S. Appx. 12–13. We agree. In a case involving another one of Mr. Elbaum's patent applications, we reviewed similar claims and held that they were patent ineligible under § 101. *In re Elbaum*, No. 2021-1719, 2021 WL 3923280, at *1 (Fed. Cir. Sept. 2, 2021) (non-precedential). There, the claim "recite[d] a method for enabling an internet seller to pay a finder's fee to a retail store when a customer finds the internet seller's product through advertising in the retail store." *Id.* at *2. We held that such a claim is directed to an abstract idea as it is directed to mere formation and manipulation of economic relations. *Id.* (citing *Content Extraction & Transmission LLC v. Wells Fargo Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014)). Similarly here, the claim is directed to an abstract idea—managing commercial and legal interactions—not eligible for patent protection.

Under *Alice* step two, the Board reviewed the additional claim elements and found that "each step does no more than require a generic computer to perform generic computer functions;" and that even as an ordered combination, "the computer components . . . add nothing that is not already present when the steps are considered separately."

S. Appx. 17. We agree with the Board that nothing in the claim recites an inventive concept to transform the abstract idea into patent-eligible subject matter. The claim uses generic computer functions to manage commercial sale transaction activities by paying a transaction fee for sales of non-stocked items. *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) (holding that claims did not satisfy *Alice* step two because they used "generic computers to perform generic computer functions").

Mr. Elbaum argues that representative claim 23 is eligible because it has "practical steps," namely allowing sellers to make sales in other states without filing tax returns in those other states by retaining a portion of the payment for taxes and forwarding the balance to the seller. Appellant's Br. 5–8. However, even if Mr. Elbaum is correct that the claimed method provides a practical solution to a problem faced by online sellers, the utility of an abstract idea is insufficient to confer patent eligibility. *See Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1380 (Fed. Cir. 2016). Thus, we hold that the claim does not include an inventive concept that would render it patent-eligible.

Because we agree with the Board that the claims are not patent-eligible, we *affirm*.[5]

## AFFIRMED

### COSTS

No costs.

---

[5] Because we affirm the Board's finding of ineligibility, we need not reach the Board's determinations of obviousness.